FILED 12 FEB 23 15:20 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 12po00001-PA |
| Plaintiff, | ) | |
| | ) | INFORMATION |
| v. | ) | |
| | ) | 36 C.F.R. § 261.10(b) and (p) |
| DAVID DUANE. EVERIST, | ) | 36 C.F.R. §261.6 |
| | ) | 36 C.F.R. §261.11(b) |
| Defendant. | ) | |

THE UNITED STATES ATTORNEY CHARGES:

**COUNT 1: OCCUPYING OR USING A RESIDENCE ON NATIONAL FOREST LANDS WITHOUT AUTHORIZATION**

On or about October 2011 to February 2012, in the District of Oregon, defendant DAVID D. EVERIST did unlawfully and knowingly maintain, occupy, or use a residence on National Forest System lands without authorization, in violation of 36 C.F.R. § 261.10(b).

**COUNT 2: USING OR OCCUPYING NATIONAL FOREST LANDS WITHOUT AN APPROVED OPERATING PLAN**

On or about October 2011 to February 2012, in the District of Oregon, defendant DAVID D. EVERIST did unlawfully and knowingly use or occupy National Forest System lands without an approved operating plan when such authorization is required, in violation of 36 C.F.R. § 261.10(p).

### COUNT 3: CUTTING TIMBER WITHOUT AUTHORIZATION

On or about December 2011, in the District of Oregon, defendant DAVID D. EVERIST did unlawfully and knowingly cut or otherwise damage any timber or tree without authorization, in violation of 36 C.F.R. § 261.6.

### COUNT 4: LEAVING REFUSE, DEBRIS, OR LITTER

On or about January to February 2012, in the District of Oregon, defendant DAVID D. EVERIST did unlawfully and knowingly leave refuse, debris, or litter in an exposed or unsanitary condition, in violation of 36 C.F.R. § 261.11.

Dated this 23 day of February, 2012

S. AMANDA MARSHALL
United States Attorney

_____
DOUGLAS W. FONG, OSB #84219
Assistant U.S. Attorney

# AFFIDAVIT OF PROBABLE CAUSE

I, Michael F. Gardiner Jr., being first duly sworn, depose and say the following:

This affidavit is made in support of probable cause to charge **David Duane EVERIST** for violations of:

1. 36 C.F.R. § 261.10(p) Use or Occupancy of National Forest System lands or facilities without an approved operating plan when such authorization is required;

2. 36 C.F.R. § 261.10(b) Construction, reconstructing, improving, maintaining, occupying or using a residence on National Forest System lands unless authorized by a special-use authorization or approved operating plan when such authorization is required;

3. 36 C.F.R. § 261.6(a) Cutting or otherwise damaging any timber, tree or other forest product, except as authorized by a special use authorization, timber sale contract or Federal law or regulation;

4. 36 C.F.R. § 261.11(b) Possessing or leaving any refuse, debris, or litter in an exposed or unsanitary condition.

The facts reported herein are in support of the aforementioned violations that occurred from October 7, 2011 until February 2012 on National Forest System (NFS) lands in the vicinity of Forest Service Road (FSR) 1015 and FSR 10 (Carberry Creek Road) in Josephine County, Oregon.

I am a Special Agent for the United States Forest Service (USFS) and have been so employed for approximately 5 years. Prior to this position I was employed by the USFS as a Law Enforcement Officer (LEO) for approximately 4 years. Prior to that, I was employed as a uniformed and commissioned Law Enforcement Park Ranger for the United States National Park Service for approximately 7 years. I have attended and successfully graduated from three separated accredited Federal Law Enforcement

Academies. In 2008, I graduated from the Federal Law Enforcement Training Center, Criminal Investigator Program.

I have specialized training and education in Land Management Law Enforcement, Forest Resource Management, and Criminal Investigations. I have been involved in a wide variety of criminal investigations and incidents of illegal activities occurring on National Forest administered lands. I have been trained in the policies and procedures of minerals exploration on National Forest System lands and have investigated numerous sites for illegal activity.

## BACKGROUND

David EVERIST has an unpatented mining claim (Twin Cedars Mining Claim) on National Forest System lands in the vicinity of Forest Service Road (FSR) 1015 and FSR 10 (Carberry Creek Road) in Josephine County, Oregon. In November 2006, USFS LEO Don Ross observed that several miners, including David EVERIST, had established a camp near their claim near Carberry Creek Road. From that date until the fall of 2008, LEO Ross repeatedly warned EVERIST that leaving refuse and debris all around the camp is an exposed or unsanitary manner was unlawful and must be cleaned up. EVERIST claimed that the refuse was part of his mining operation and therefore necessary.

In the fall of 2008, EVERIST moved to another site a few miles away, still on USFS lands abandoning a large quantity of refuse and debris at his previous camp. The refuse and debris included vehicle parts, propane tanks, food containers and miscellaneous broken or worn furniture items. LEO Ross warned EVERIST to remove the debris as soon as possible. EVERIST failed to do so and on February 27, 2009 he

2-- AFFIDAVIT OF SPECIAL AGENT MICHAEL GARDINER

1  was cited for abandoning the debris on NFS Lands (36 CFR 261.11(b)).  EVERIST was
2  convicted of the violation in US Magistrate Court, Medford, Oregon.  He appealed,
3  contended that the USFS lacked jurisdiction to regulate his mining claim.  On April 5,
4  2010 the Ninth Circuit Court of Appeals affirmed EVERIST's conviction, reaffirming that
5  Forest Service properly acted within its authority to regulate the surface use of
6  unpatented mining claims on forest lands, citing United States v. Goldfield Deep Mines
7  Co. of Nev., 644 F.2d 1307, 1309 (9th Cir. 1981) and 16 U.S.C. §§ 478, 551.  United
8  States v. Everist, CA 09-30314 (unpublished).

9  A May 2009 assessment of EVERIST's mining claim by USFS Geologist Kevin
10 Johnson concluded that; (1) there was little or no actual mining activity on-going; (2)
11 occupancy and use residence is not reasonably incident or necessary for actual or
12 ongoing mining; and (3) because there is no real mining going on, the ongoing mining
13 could not be approved under a plan of operations.

14 On December 1, 2009 EVERIST was charged with Unlawful Occupancy and Use
15 on NFS lands (36 CFR 261.10(b)), occurring at his Twin Cedars Mining Claim on USFS
16 lands in Josephine County, Oregon.  On August 9, 2010, EVERIST was found guilty by
17 U.S. District Court Judge Mosman.  EVERIST was sentenced to 1 year bench
18 probation and fined $750.00, $600.00 of which would be suspended if EVERIST
19 removed all his property from NFS lands within 30 days.  EVERIST was prohibited from
20 mining or occupying NFS lands for 1 year.  EVERIST again appealed his conviction to
21 the Ninth Circuit, which is still pending.

22 If a claimant's mining activity requires regular and consistent occupancy of the
23 site beyond 14 days and; the efforts to extract and/or locate the mineral deposits causes
24 a significant surface disturbance, the claimant must obtain a plan of operations from the

3-- AFFIDAVIT OF SPECIAL AGENT MICHAEL GARDINER

1  Forest Service, 36 CFR 261.10(p).  Likewise, a claimant must obtain Forest Service
2  authorization to otherwise maintain, occupy, or use a residence on Forest Service
3  lands, 36 CFR 261.10(b).

**FACTS**

6      On October 7, 2011, USFS LEO Ross observed that EVERIST setting up a
7  camper trailer at his Twin Cedars Mining Claim, which is an unpatented mining claim on
8  Forest Service lands in the vicinity of Forest Service Roads 1015 and 10 (Carberry
9  Creek Road) in Josephine County, Oregon.  On October 12, 2011, LEO Ross returned
10 to the site and observed a second camp trailer, approximately 28' long, also set up at
11 the site and two private property signs posted at each side of the site.  On October 22,
12 2011, LEO Ross returned to the site and found additional personal property scattered
13 around the two camp trailers, included; a twin axle utility trailer, bedding frames,
14 propane tanks, miscellaneous furniture, cooking supplies and a four wheel all-terrain
   vehicle.
15     On October 29, 2011 LEO Ross returned to the Twin Cedars mining claim.  A
16 black Ford pickup owned by Warren DAVIS was parked in the camp.  LEO Ross
17 contacted Ashley BOGART after she exited the camp trailer.  BOGART stated that LEO
18 Ross had no authority or jurisdiction on the site and demanded that he leave.  BOGART
19 said David EVERIST had told her that the Twin Cedars mining claim is private property.
20 BOGART said she was staying at the site with EVERIST and DAVIS and that EVERIST
   owned both the camp trailers.
21     LEO Ross then contacted Warren DAVIS at the site.  DAVIS stated that he was
22 mining with EVERIST.  LEO Ross indicated that a plan of operations needed to be

4-- AFFIDAVIT OF SPECIAL AGENT MICHAEL GARDINER

submitted and approved prior to residing on USFS lands while mining. DAVIS replied that he did not recognize USFS authority over mining operations.

On November 3, 2011 LEO Sean Thomas contacted EVERIST at the Twin Cedars site. EVERIST informed LEO Thomas that he had recently lost a court case with the USFS for occupying USFS lands (36 C.F.R. § 261.10(b)) and he was appealing the decision. EVERIST attempted to block LEO Thomas' entry by stepping in front of him and throwing up his arm stating, "No, if you want to come onto my property you have to have a warrant." In addition to the two camp trailers and other personal property scattered about, LEO Thomas observed sluice boxes, some hand tools and gas cans. EVERIST maintained that he did not have to have a plan of operations. LEO Thomas indicated that EVERIST needed to clean up the camp site. EVERIST asserted that LEO Thomas had no authority and that he was trespassing on EVERIST's private property.

On January 1, 2012 LEO Ross returned to the Twin Cedars Mining Claim and noted that several trees had been cut down. One was approximately 36 and 48 inches in diameter, while others were 4 to 8 inches in diameter. LEO Ross contacted EVERIST and asked if he had submitted a plan of operations to the USFS. EVERIST stated that he was not going to submit a plan of operations and that the Federal courts agreed that he was not required to do so. EVERIST admitted he had cut down several trees around the site and that the USFS failed to respond to his letters. EVERIST said LEO Ross could not enter the mining camp without a warrant.

On February 9, 2012 LEO Ross, Patrol Captain Javier Masiel, Forest Mining Administrator Karla Gallegos and Area Mining Geologist Kevin Johnson and I visited the Twin Cedars site. EVERIST and DAVIS were served with letters from USFS District Ranger Donna Mickley informing them that residential occupancy on Forest Lands

5-- AFFIDAVIT OF SPECIAL AGENT MICHAEL GARDINER

requires Forest Service authorization and directing them to cease and desist their residential occupancy and use of NFS lands and remove their trailers, campers, and equipment within 10 days.

EVERIST stated to me that the USFS has no authority or jurisdiction over him or his mining claim which he maintains as private property. EVERIST demanded that I leave his property or face arrest for trespassing. EVERIST said he would not comply with the letter. I advised EVERIST that if he failed to comply he was subject to arrest or summons to federal court in Medford for the similar violations he was found guilty of in 2010. EVERIST stated that he would not comply with the letter and would not appear in court due to the fact that our court did not have authority or jurisdiction over his claim as assured to him by the 1872 Mining Law.

I walked around the site and observed piles of refuse and debris all around the camp trailers. The camp trailers were in a state of disrepair with tarps covering the roof, wood stoves installed inside with holes cut into the roof for a chimney, windows and door sealed with scraps of plywood and plastic. The site was littered with food packages, camping supplies and other refuse. In addition to the refuse around the site, I observed a large pile of food containers, bottles, metal cans, plastic boxes and trash dumped between two logs that lay in the dry gravel bed of the nearby creek. The pile of debris appeared to be where EVERIST had been dumping his trash for the past few months.

DAVIS showed me a small vial containing a tiny flake of a gold colored speck. DAVIS stated that it was possibly gold. EVERIST and DAVIS took me to what they described as their claim. I observed some metal trays, a sluice box, numerous wooden pallets and some hoses but saw no sign of active or consistent mining work that would require full time occupancy. The location was less than a hundred yards from FSR

6-- AFFIDAVIT OF SPECIAL AGENT MICHAEL GARDINER

1015. The only tools being used were a sluice box, hand tools, a small gas powered pump and other items that are easily transportable by hand. I observed places along the creek where EVERIST and DAVIS had excavated into the stream bank with hand tools. Several trees had been undercut and the removed material had been deposited in and along the creek.

On the evening of February 9 2012, EVERIST posted a video on the internet. In the video, EVERIST described our visit to his claim site earlier that day and stated that he was not going to comply with the cease and desist order, and that he was not going to leave his mining claim to appear in court.

On February 15, 2012 EVERIST contacted USFS District Ranger Donna Mickley by telephone. EVERIST stated that Mickley has no authority to issue him a cease and desist order, and that he would give Mickley the opportunity to withdraw the order or he would sue her personally. EVERIST stated that Mickley was committing "constructive trust fraud" and that if she was convicted the penalty was the death penalty.

On February 23, 2012, I drove by the Twin Cedars Mining Claim. I observed EVERIST at the site and that the two camp trailers were still set up and had not been removed.

Based upon the above, I have probable cause to believe that DAVID EVERIST has committed the violations of Unlawfully Occupying or Using a Residence on Forest Service Lands Without Authorization in violation of 36 C.F.R. § 261.10(b) and (p), Leaving Refuse, Debris, or Litter in violation of 36 C.F.R. § 261.11(b), and Cutting or Damaging Timber or Trees in violation of 36 C.F.R. § 261.6(a). Each of these offenses is punishable by up to 6 months imprisonment and a $500 fine. 36 C.F.R. § 261.1(b).

Based upon EVERIST's refusal to comply with USFS cease and desist order, his statements that he does not recognize USFS authority, that he will not seek a plan of

7-- AFFIDAVIT OF SPECIAL AGENT MICHAEL GARDINER

operations, that he will continue residing at the location, and that he will not appear in court, I request that the court issue a warrant for his arrest.

Michael F. Gardiner Jr.
Special Agent
U.S. Forest Service

SUBSCRIBED and SWORN before me this 23 day of February, 2012.

Mark D. Clarke
U.S. Magistrate Judge

8-- AFFIDAVIT OF SPECIAL AGENT MICHAEL GARDINER