IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:12-po-00001-PA-1 |
| Plaintiff, | **ORDER** |
| v. | |
| DAVID DUANE EVERIST, | |
| Defendant. | |

CLARKE, Magistrate Judge.

This matter comes before the court on defendant's motion (#20) to dismiss. For the reasons stated below, the motion to dismiss is denied.

## BACKGROUND

Plaintiff United States filed an information against defendant David Everist ("Everist") on February 23, 2012 alleging that on or about October 2011 to February 2012, Everist violated

36 C.F.R. § 261.10(b), 36 C.F.R. § 261.10(p), 36 C.F.R. § 261.6, and 36 C.F.R. § 261.11 on his unpatented mining claim in the Rogue River-Siskiyou National Forest. On June 20, 2012, Everist filed a motion to dismiss the information for failure to state an offense under Federal Rule of Criminal Procedure 12(b)(3).

The case currently before the court relates to alleged violations on Twin Cedars that occurred between October 2011 and February 2012. For the purpose of determining this motion to dismiss for failure to state an offense, the court takes the following facts alleged by the government as true:

Everist owns Twin Cedars, an unpatented mining claim in the Rogue River-Siskiyou National Forest in Josephine County, Oregon. In October 2011, Everist moved two camper trailers onto Twin Cedars and began residing on the claim. (Aff. of Probable Cause, Docket #1, pp. 2). Everist later left furniture, cooking supplies, a four-wheel all-terrain vehicle, sluice boxes, hand tools, gas cans, and refuse and debris scattered around the claim, as well as two "private property" signs. (Aff. 4-6).

In early 2012, United States Forest Service law enforcement officers observed that several trees had been cut down at Twin Cedars. Everist stated that he had cut down the trees, and also notified the officers that he did not plan on submitting the required proposed plan of operations for mining on Twin Cedars. (Id. at 5). In February, law enforcement officers served Everist with a letter directing him to cease and desist his occupancy of National Forest Service lands within ten days. Everist did not vacate Twin Cedars within the required period, and on February 23, 2012, was arrested for failing to discontinue his residency. (Id. at 6). Everist was charged with violating 36 C.F.R. § 261.10(b) (unlawfully and knowingly occupying or using a residence on National Forest Service lands); 36 C.F.R. § 261.10(p) (unlawfully and knowingly

Case 1:12-po-00001-CL   Document 30   Filed 08/24/12   Page 3 of 7

occupying or using National Forest Service lands without an approved operating plan); 36 C.F.R. § 261.6 (unlawfully and knowingly cutting or otherwise damaging timber without authorization); and 36 C.F.R. § 261.11(b) (unlawfully and knowingly leaving litter or other refuse).

Prior to the alleged violations in this case, Everist was convicted twice for violations of regulations promulgated by the United States Department of Agriculture. On June 24, 2009 Everist was convicted of leaving refuse and debris at Twin Cedars in violation of 36 C.F.R. § 26.11(b), which prohibits leaving refuse and debris on National Forest Service lands. Everist appealed, and the Ninth Circuit Court of Appeals affirmed the District Court's decision. U.S. v. Everist, No. 09-30314, 2010 WL 1513839 (9th Cir. April 16, 2010). On September 1, 2010, Everist was convicted of unlawful occupancy and use of National Forest Service lands in violation of 36 C.F.R. § 26.10(b). Everist appealed this conviction as well. United States v. Backlund, --- F.3d ---, ---, 2012 WL 3089358, *2 (9th Cir. 2012). The Ninth Circuit Court of Appeals affirmed Everist's conviction. Id.

## LEGAL STANDARDS

Federal Rule of Criminal Procedure 12(b)(3) governs a motion to dismiss an information or indictment for failure to state an offense. U.S. v. Boren, 278 F.3d 911, 914 (9th Cir. 2002). Rule 12(b)(3) provides in pertinent part, "[A]t any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." Fed. R. Crim. P. 12(b)(3). In ruling on a 12(b)(3) motion, the district court is bound by the four corner of the information or indictment. Boren at 914.

To withstand a 12(b)(3) motion, an information must allege that the defendant performed acts that, if proven, would constitute a violation of the law under which he has been charged. Boren, 278 F.3d at 914. Under Federal Rules of Criminal Procedure 7, an information is

sufficient if it is "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). For the purpose of analyzing a 12(b)(3) motion, the court must accept the allegations in the indictment or information as true. Boren at 914.

## DISCUSSION

**I.    Twin Cedars is subject to federal regulation.**

Everist argues that under the Mining Law of 1872, he has a private property interest in Twin Cedars that exempts Twin Cedars from regulations promulgated by the Department of Agriculture. While Everist does have a property interest in minerals on Twin Cedars, his property interest in the land is limited and is subject to federal regulations, including those promulgated by the Department of Agriculture.

The Mining Law of 1872 allows a person who locates a mineral claim on federal land a property right to minerals on the land. 30 U.S.C. § 22. The Mining Law of 1872 was limited by the Surface Resources and Multiple Use Act of 1955, which provides that property rights to minerals on unpatented mining claims are subject to the federal government's right to manage and dispose of surface resources on the claims. 30 U.S.C. § 612(b); United States v. Doremus, 888 F.2d 630, 632 (9th Cir. 1989). The Surface Resources and Multiple Use Act of 1955 further limited use of unpatented mining claims by only allowing surface uses reasonably incident to prospecting, mining, and processing operations. 30 U.S.C. § 612(a); Backlund at *2. Unpatented mining claimants "take their mineral interests with the knowledge that the Government retains substantial regulatory power over those interests." United States v. Locke, 471 U.S. 84, 105 (1985).

Everist contends that a provision of the Organic Act of 1897 removes Twin Cedars and other mining claims from federal regulations, including the Surface Resources and Multiple Use Act of 1955. The Organic Act, which set aside certain federal public lands for use as forest reserves, contained a provision that upon a finding or determination by the Secretary of the Interior that the land was "better adapted for mining or for agricultural purposes than for forest use," the land could be exempted from forest reserves and "restored to the public domain." 16 U.S.C. § 482.

Everist contends that this law applies to Twin Cedars; Everist argues that Twin Cedars was "restored to the public domain " and then passed to Everist's private ownership via the 1872 Mining Act, thereby exempting Twin Cedars from the limitations of the Surface Resources and Multiple Use Act of 1955. This "savings provision" of the Organic Act of 1897, however, was superseded by the Resource Planning Act of 1974, which prevents any national forest land from being returned to the public domain, except by act of Congress. 16 U.S.C. § 1609(a); *see also* Laura Ziemer, The 1872 Mining Law & the 20th Century Collide: A Rediscovery of Limits on Mining Rights in Wilderness Areas and National Forests, 28 Envtl. L. 145, 160 (1998). Because Twin Cedars is located on national forest land, it cannot pass into private ownership, and is subject to the Surface Resources and Multiple Use Act of 1955

**II.     The U.S. Forest Service may regulate Everist's surface use of Twin Cedars.**

Everist claims that jurisdiction over his mining activities lies with the Department of Interior, not the Department of Agriculture, and thus regulations promulgated by the Department of Agriculture do not apply to his use of Twin Cedars. National Forest Service lands are subject to the rules and regulations promulgated by the Secretary of Agriculture. 16 U.S.C. § 551; Cal. Coastal Comm'n v. Granite Rock Co., 480 U.S. 572, 582 (1987). This includes regulation of

mining activity on unpatented mining claims that disturb national forest land. U.S. v. Goldfield Deep Mines Co. of Nev., 644 F.2d 1307, 1309 (9th Cir. 1987). While the Department of Interior has primary jurisdiction over mining claims, its jurisdiction is not exclusive when mining activity may cause surface disturbance in national forests. Backlund at *3. Under 16 U.S.C. § 551, the Secretary of Agriculture may "make such rules and regulations…to regulate [national forest] occupancy and use and to preserve the forests thereon from destruction." Mining activity that may disturb national forest land is properly regulated by the United States Forest Service under the Department of Agriculture.

36 C.F.R. § 228.4(a) requires a notice of intent to operate on United States Forest Service lands from anyone "proposing to conduct operations which might cause significant disturbance of surface resources." Relevant operations include "functions, work, and activities in connection with prospecting, exploration, development, mining, or processing of mineral resources and all uses reasonably incident thereto." 36 C.F.R. § 228.3(a). If a District Ranger determines that an operation is likely to cause significant disturbance, the operator must submit a proposed plan of operations for approval prior to the start of operations. 36 C.F.R. § 228.4(a)(2)-(4). Residential occupancy and use are within the meaning of "operations" in § 228.4(a) that require a notice of intent to operate and proposed plan of operations. Backlund at *2.

Everist is charged with violating four regulations promulgated by the Department of Agriculture: unlawfully maintaining a residence, using National Forest Service lands without an approved operating plan when such authorization is required, unlawfully cutting timber or trees, and unlawfully leaving refuse and debris exposed. These regulations are directly related to the Department of Agriculture's ability to regulate activity that may disturb national forest land, and are enforceable.

## CONCLUSION

Accepting the allegations in the information as true, the United States has adequately stated violations of 36 C.F.R. § 261.10(b), 36 C.F.R. § 261.10(p), 36 C.F.R. § 261.6, and 36 C.F.R. § 261.11. Accordingly, defendant's motion to dismiss (#20) is DENIED.

IT IS SO ORDERED.

DATED this _____ day August, 2012

MARK D. CLARKE
United States Magistrate Judge