IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:12-po-00001-CL-1 |
| Plaintiff, | **ORDER** |
| v. | |
| DAVID DUANE EVERIST, | |
| Defendant. | |

CLARKE, Magistrate Judge.

Defendant David Duane Everist was charged by information with four violations arising out of his use of an unpatented mining claim in the Rogue River-Siskiyou National Forest from October 7, 2011, to February 23, 2012. Having considered all of the testimony and evidence taken at the August 28, 2012 trial, the court finds defendant guilty on counts one, two, and three, and not guilty on count four.

**Count One: Unauthorized use of a residence on National Forest System lands.**

Defendant's first charge by information was for unauthorized use of a residence on National Forest System lands in violation of 36 C.F.R. § 261.10(b). 36 C.F.R. § 261.10(b) prohibits the following: "[c]onstruction, reconstructing, improving, maintaining, occupying or using a residence on National Forest System lands unless authorized by a special use

Page 1 – ORDER

authorization or approved operating plan when such authorization is required." To obtain authorization for long-term residential occupancy on a mining claim, a mining claimant must submit a notice of intent to operate ("NOI") to a District Ranger, describing the area involved, the nature of the proposed operations, the route to the claim, and the method of transport. 36 C.F.R. § 228.3; 36 C.F.R. § 228.4(a). If the District Ranger determines that the proposed operations are likely to cause significant disturbance of surface resources, the claimant must then submit a proposed plan of operations ("PPO") for approval before the claimant may begin occupying the land. 36 C.F.R. § 228.4(a)(2)-(4).

Defendant admits that he continuously lived on his unpatented mining claim, Twin Cedars, from October 7, 2011, until his arrest on February 23, 2012. Defendant had two trailers moved onto Twin Cedars in the beginning of October 2011. Defendant occupied one trailer, and used the second trailer for storage. He testified at trial that he planned to permanently reside on his unpatented claim. As of early February 2012, both trailers did not have tires and were mounted on wooden supports. On February 9, 2012, law enforcement officers served defendant with a letter directing him to cease and desist his occupancy of National Forest System lands within ten days because his use was unauthorized. Defendant did not leave his site, and was arrested on February 23, 2012, for failing to discontinue his occupancy.

Defendant does not dispute that he intended to permanently live at Twin Cedars. He argues in his defense that he mailed a letter to the United States Forest Service on October 27, 2011, that served as an NOI. The letter stated that defendant would remove dead trees at Twin Cedars for use on his mining claim. The court finds that defendant's letter does not suffice as an NOI. The letter does not fully describe the nature of defendant's mining operations, the route to the claim, or the method of transport. Even if his letter were a considered a proper NOI, it was

not approved by a District Ranger, and was not sent until twenty-one days after defendant had been occupying the mining claim. Additionally, defendant was directed by law enforcement officers to leave his claim because his use was not authorized, and chose not to. The court finds that defendant violated 36 C.F.R. § 261.10(b), and therefore is guilty on count one.

### Count Two: Use of National Forest System lands without approved operating plan.

Defendant was also charged with violating 36 C.F.R. § 261.10(p). This regulation prohibits: "[u]se or occupancy of National Forest System lands or facilities without an approved operating plan when such authorization is required." Mining operations likely to cause significant surface disturbance require a plan of operations. U.S. v. Backlund, No. 09-30314, 2010 WL 1513839 at *1 (9th Cir. April 16, 2012). Long-term residential occupancy is likely to cause significant surface disturbance. Id. at *6. Activities that are likely to cause significant surface disturbance, including long-term residential occupancy, require that a claimant have an approved PPO, in addition to an NOI.

Area mining geologist Kevin Johnson visited Twin Cedars in February 2012, and testified at trial that certain mining activities defendant conducted, including undercutting stream banks, are activities that generally cause significant surface disturbance. Johnson further testified that defendant's permanent campsite, which included cut trees, furniture, cooking materials, propane tanks, burn barrels, and two mounted trailers, was itself a significant surface disturbance. In response, defendant argues again that his October 27, 2011, letter was an NOI, and that the District Ranger's failure to respond to his letter meant that his activities were authorized. As stated above, defendant's letter was not sufficient as an NOI, and defendant participated in unauthorized activities prior to sending his letter. Additionally, the District Ranger's failure to respond to his letter until February 9, 2012, does not authorize defendant's

actions; defendant's activities required both a NOI and a PPO. The court finds that defendant violated 36 C.F.R. § 261.10(p), and therefore is guilty on count two.

### Count Three: Cutting timber without authorization.

The third violation defendant was charged with is 36 C.F.R. § 261.6. The regulation prohibits "[c]utting or otherwise damaging any timber, tree, or other forest product, except as authorized by a special-use authorization, timber sale contract, or Federal law or regulation."

Defendant admits that he cut a number of trees on Twin Cedars, including alder trees and a number of dead trees no longer producing bark. Defendant contends that he gave notice of his intent to cut the dead trees in his October 27, 2011, letter, and that the United States Forest Service considers alder trees "brush," rather than trees, making 36 C.F.R. § 261.6 inapplicable to alder trees. Regardless of whether defendant gave notice of his intent to cut trees, his actions required some form of authorization. Defendant does not cite a special-use authorization, timber sale contract, or specific law or regulation legalizing his actions. Defendant also provides no authority for his contention that alder trees are removed from the prohibitions in 36 C.F.R. § 261.6. The court finds that defendant violated 36 C.F.R. § 261.6, and therefore is guilty on count three.

### Count Four: Leaving refuse, debris, or litter.

Finally, defendant was charged with violating 36 C.F.R. § 261.11(b). The regulation prohibits: "[p]ossessing or leaving refuse, debris, or litter in an exposed or unsanitary condition."

Photographs from Twin Cedars on February 9, 2012, depict two piles of garbage at the site. The piles of garbage include one smaller pile in a fire pit approximately 150 feet southwest from defendant's trailers, and a second larger pile between two felled trees approximately 150 feet south from defendant's trailers. Defendant contends that he did not leave the garbage piles

and was entirely unaware of the trash. He argues that the trash piles were not near the mining area where defendant spent most of his time, and that other people visited Twin Cedars and likely left the garbage.

The court is skeptical of defendant's argument that he was unaware of the trash on his claim, given defendant's continuous occupancy of the site for over four months, and his strongly-held belief that Twin Cedars is his exclusive property. However, several witnesses testified that Twin Cedars was used temporarily by people other than defendant, and no witness testified that they observed defendant leaving garbage on the site. Reasonable doubt therefore exists as to whether defendant left garbage at Twin Cedars. The court finds that defendant did not violate 36 C.F.R. § 261.11(b) and is not guilty on count four.

## CONCLUSION

For the reasons stated above, the court finds that defendant violated 36 C.F.R. § 261.10 (b), 36 C.F.R. § 261.10(p), and 36 C.F.R. § 261.6. Judgment shall be entered following sentencing to be scheduled by the court.

IT IS SO ORDERED.

DATED this ___5___ day September, 2012

MARK D. CLARKE
United States Magistrate Judge